In re FARMERS' CO-OP. ASS'N OF MARI-
ON COUNTY, FLA.

(District Court, S. D. Florida. February 4,
1925.)

No. 2247.

1. Bankruptcy ⬦184(2)—Instrument secur-
ing debt held a mortgage, and void for want
of recording.

Under Rev. Gen. St. Fla. 1920, § 3836, pro-
viding that any instrument given to secure the
payment of a debt is a mortgage, and if on per-
sonal property is void as against subsequent
creditors, unless duly recorded or the mort-
gagee is given possession of the property, a
lien reserved by a contract for sale to bankrupt
of a stock of merchandise, which was not ac-
knowledged nor recorded prior to four months
before the bankruptcy, is void as against the
creditors, whose claims arose subsequent to the
sale.

2. Chattel mortgages ⬦5—Sales ⬦300—
Vendor's lien can only arise for purchase
price of particular article on which it is
claimed; instrument held chattel mortgage.

A vendor's lien can only arise as security
for the payment of the purchase price of the
particular article on which it is claimed, and
an instrument attempting to retain a lien on
store fixtures for the purchase price of such
fixtures, a stock of merchandise, and other
property does not give a vendor's lien, but is
a chattel mortgage.

In Bankruptcy. In the Matter of the
Farmers' Co-operative Association of Mari-
on County, Fla. On petition to review of
order of referee denying priority to claim
of the Carn-Thomas Company. Petition
denied.

R. A. Burford, of Ocala, Fla., for peti-
tioning creditor.

H. M. Hampton, of Ocala, Fla., for
Lewis-Chitty Co., creditor.

T. C. Atkinson, of Ocala, Fla., trustee.

CALL, District Judge. This cause comes
on for a hearing upon the petition of Carn-
Thomas Company, to review the order of
referee, entered September 23, 1924, deny-
ing the petition of the creditor to allow the
sum of $670 of their claim as a priority.

[1] The facts disclosed in the record sent
up for review, may be stated as follows:
On November 8, 1920, the creditor sold to
the bankrupt the stock of merchandise,
store fixtures, and lease on the store build-
ing for a consideration of $7,489.86; $2,000

cash, and the balance deferred payments.
The deferred payments to be made at the
rate of $300 quarterly, with 8 per cent. in-
terest. In the instrument executed by the
parties, this provision was contained, as fol-
lows: "A vendor's lien is reserved and re-
tained by the Carn-Thomas Company upon
the entire lot of fixtures sold hereunder un-
til the purchase price is fully paid."

It is under this clause that the creditor
bases its claims for priority. Under the
statutes of the state of Florida (section
3836 of the Revised General Statutes) any
instrument given to secure the payment of
a debt is a mortgage and every such on
personal property is void as against subse-
quent creditors unless duly recorded, or
the mortgagee is given possession of the
personal property covered thereby. In the
instant case it is apparent that possession
of all the property was delivered to the
bankrupt upon the execution of the instru-
ment on November 8, 1920, and continued
so in its possession and control until an at-
tempted assignment was made. No attempt
was made to record the instrument by which
a lien was attempted to be placed upon the
store fixtures in order to secure the deferred
payments, until June of 1924, and then
without any acknowledgment entitling the
instrument to record. All the debts of the
bankrupt, except the debt to this creditor,
were incurred subsequent to this sale on
November 8, 1920.

[2] The instrument says "vendor's lien,"
but this cannot be a vendor's lien because
a vendor's lien can only arise as security
for the payment of the purchase price of
the particular article on which it is claimed.
In the instant case the price was for the
stock of merchandise, store fixtures, and the
lease of the store building; in fact, a bulk
sale of the entire properties for a stated
sum. There could be no vendor's lien on
any particular article therein included, and
the attempt is made to retain a lien on the
store fixtures until the entire debt is paid.
It is clearly an instrument intended to se-
cure the payment of a debt, and under the
Florida statutes it will be held a mortgage,
and same not having been duly recorded
prior to the four-months period, is void.

The petition to review the ruling of the
referee will therefore be denied.